FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 07 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
LOCAL 363 UNITED ELECTRICAL WORKERS
OF AMERICA, INTERNATIONAL UNION OF
JOURNEYMEN AND ALLIED TRADES;
UNITED WELFARE FUND–SECURITY
DIVISION AND THE TRUSTEES THEREOF;
AND UNITED WELFARE FUND–WELFARE
DIVISION AND THE TRUSTEES THEREOF,

         Petitioners,

-against-

ANODE ELECTRICAL CORP.,

         Respondent.
----------------------------------------------------------- x

ORDER

18-CV-1963 (ENV)(CLP)

VITALIANO, D.J.

  Petitioners Local 363 United Electrical Workers of America, International Journeymen and Allied Trades; the United Welfare Fund–Security Division and the Trustees thereof; and United Welfare Fund–Welfare Division and the Trustees thereof filed this action against Anode Electrical Corp. under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 and 1145; the Labor Management Relations Act of 1947, 29 U.S.C. § 185; and the Federal Arbitration Act, 9 U.S.C. § 9, seeking to confirm and enforce arbitration awards dated May 15, 2017 and November 21, 2017. Following respondent's failure to defend this action, petitioners moved for default judgment. Dkts. 12-13.

  Presently before the Court is the April 15, 2019 Report and Recommendation (the "R&R") issued by Magistrate Judge Cheryl L. Pollak as to petitioners' motion for default judgment. Dkt. 15. In the R&R, Judge Pollak recommended that the Court (1) enter default judgment against respondent, (2) confirm the arbitration awards, (3) award petitioners total

1

damages of $9,087.73,[1] and (4) order respondent to submit to an audit of its books and records, for the period from March 2017 to November 2017, within 30 days.[2] R&R at 23-24. Judge Pollak further recommended that if respondent complies with the audit order, the matter be referred to her "to consider any request for delinquent contributions determined through the audit to be due and owing, along with any requests for interest and liquidated damages." *Id.* at 17. Notice of time to object to the R&R was given, but no party has objected within the time to do so. *See id.* at 24-25; Dkt. 16.

## Discussion

Where no party has objected to a report and recommendation, clear-error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

---

[1] The Court notes that the R&R tallies the total recommended award as $9,087.42, but the correct sum is $9,087.73. *See* R&R at 24 (recommending award of $1,933.09 in unpaid contributions; $2,752.00 in unpaid dues; $1,500.00 in arbitral attorney's fees; $1,200.00 in arbitrator's fees and costs; $1,180.64 in interest, with additional interest accruing at 18% per annum until all payments are received; and $522 in filing fees and costs for this action). Since the underlying amounts are correct, this minor computational error does not require substantive modification of the R&R.

[2] Although petitioners sought additional attorney's fees, Judge Pollak recommended that the additional fees be denied in the absence of contemporaneous billing records. R&R at 23.

## Conclusion

For the foregoing reasons, the R&R is adopted in its entirety as the opinion of the Court. The May 15, 2017 and November 21, 2017 arbitration awards are confirmed and petitioners are awarded total damages of $9,087.73. Furthermore, respondent is ordered to submit to an audit of its books and records, for the period from March 2017 to November 2017, within 30 days of the entry of this Order on the docket. In the event of respondent's compliance with the audit order, the matter is referred to Judge Pollak to consider any requests for delinquent contributions, interest, and liquidated damages. Petitioners are directed to serve a copy of this Order on respondent and file proof of service on ECF by June 12, 2019.

So Ordered.

Dated: Brooklyn, New York
June 5, 2019

/s/ USDJ ERIC N. VITALIANO

_____
ERIC N. VITALIANO
United States District Judge

3